## UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **MICHAEL STOKES,** | ) | |
| | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. CIV-22-538-G** |
| | ) | |
| **GOLD PRODUCTIONS INC.,** | ) | |
| **d/b/a GIRL'S NIGHT OUT** | ) | |
| **THE SHOW,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## <u>ORDER</u>

Now before the Court is Plaintiff Michael Stokes' Motion for Default Judgment (Doc. No. 11), in which Plaintiff seeks entry of a default judgment against Defendant Gold Productions Inc. d/b/a Girls Night Out The Show.  For the reasons stated below, the Court finds that a default judgment should be entered.

### I. *Background*

Plaintiff initiated this action on June 27, 2022, seeking damages from Defendant for copyright infringement.  *See* Compl. (Doc. No. 1).  Defendant was served with a summons and Complaint on or about August 8, 2022.  *See* Doc. No. 5.  On January 3, 2023, after Plaintiff showed that Defendant had failed to answer or otherwise defend itself in this lawsuit, the Clerk entered Defendant's default pursuant to Federal Rule of Civil Procedure 55(a).  *See* Clerk's Entry of Default (Doc. No. 10).

Plaintiff seeks entry of a default judgment pursuant to Federal Rule of Civil Procedure 55(b) in the amount of $120,000.00.  *See* Pl.'s Mot. Default J. (Doc. No. 11) at 15; Stokes Aff. (Doc. No. 11-1) at 11-12.

## II. Discussion

### A. Procedural Requirements

The record reflects that Defendant has failed to answer or plead, that default was entered by the Clerk, and that Plaintiff's Motion complies with Local Civil Rule 55.1. Accordingly, Plaintiff has satisfied the procedural requirements for entry of a default judgment.  *See* Fed. R. Civ. P. 55(b); LCvR 55.1; *Tabb v. Mentor Prot. Serv. LLC*, No. CIV-17-1130-D, 2018 WL 3213622, at *1 (W.D. Okla. June 29, 2018).

### B. Plaintiff's Allegations

The entry of a default judgment "is committed to the sound discretion of the district court."  *Tripodi v. Welch*, 810 F.3d 761, 764 (10th Cir. 2016).  "Default judgments are generally disfavored in light of the policy that cases should be tried upon their merits whenever reasonably possible.  Nonetheless, default judgment is viewed as a reasonable remedy when the adversary process has been halted because of an essentially unresponsive party."  *Tabb*, 2018 WL 3213622, at *1 (citing *In re Rains*, 946 F.2d 731, 732 (10th Cir. 1991)).

Because a default has been entered, Plaintiff is "relieved . . . from having to prove the complaint's factual allegations."  *Tripodi*, 810 F.3d at 765; *see also United States v. Craighead*, 176 F. App'x 922, 924 (10th Cir. 2006) ("The defendant, by his default, admits the plaintiff's well-pleaded allegations of fact, is concluded on those facts by the judgment,

2

and is barred from contesting on appeal the facts thus established." (internal quotation marks omitted)).  Even after default, however, "it remains for the court to consider whether the unchallenged facts constitute a legitimate basis for the entry of a judgment since a party in default does not admit conclusions of law."  *Mathiason v. Aquinas Home Health Care, Inc.*, 187 F. Supp. 3d 1269, 1274 (D. Kan. 2016) (internal quotation marks omitted).

In his Complaint, Plaintiff represents that he is a professional photographer by trade "who is the legal and rightful [owner] of photographs [that he] licenses to reputable online and print publications."  Compl. ¶ 11.  Plaintiff has authored several photographs of wounded veterans and other "photographic imagery of the male form," which Plaintiff has registered with the United States Copyright Office ("USCO").  *Id.* ¶ 13; *see also* Pl.'s Mot. Default J. ¶¶ 7-10.

The Complaint alleges that Defendant owns and operates a social media account by the name of "@girlsnightouttheshow" on Facebook (the "Facebook Account") and "advertises its entertainment productions via third party websites and social media accounts by way of promotional material Defendant provides to said third parties ('Promotional Display')."  Compl. ¶¶ 3-4.  The Complaint further alleges that Defendant used four of Plaintiff's photographs, which were registered with the USCO, to promote its events without Plaintiff's permission on Defendant's Facebook Account and via Promotional Displays provided to third party websites.  *See id.* ¶¶ 19-44; *see also* Pl.'s Mot. Default J. ¶¶ 7-14.

Plaintiff states that he sent Defendant a "pre-suit letter advising Defendant of its infringing conduct and demanding that Defendant immediately remove all of the infringing

content from its Accounts and Promotional Displays." Compl. ¶ 61. Despite this demand, Plaintiff alleges that Defendant has continued to store and display Plaintiff's photographs. *See id.*

"There are two elements to a copyright infringement claim: (1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." *La Resolana Architects, PA v. Reno, Inc.*, 555 F.3d 1171, 1177 (10th Cir. 2009) (internal quotation marks omitted)). Plaintiff identifies, and seeks damages for, each of the four photographs infringed upon. *See* Pl.'s Mot. Default J. at 14. Plaintiff alleges that he owns the legal copyright to each of the photographs in question and that Defendant copied Plaintiff's original works. Further, Plaintiff has provided copyright registrations of the subject photographs[1] accompanied by copies of Defendant's infringing publications. *See* Doc. Nos. 11-2 through 11-5; Doc. No. 1-2. Based on the record, the Court finds that Plaintiff has established Defendant's liability for copyright infringement.

The Court further concludes that Defendant infringed these copyrights willfully. "Defendant's default and [its] decision not to defend against these allegations are grounds for concluding that [its] actions were willful." *Christ Ctr. of Divine Phil., Inc. v. Elam*, No. CIV-16-65-D, 2017 WL 564110, at *2 (W.D. Okla. Feb. 10, 2017). As is the removal of Plaintiff's watermark from the copyrighted photographs in Defendant's publications. *Compare* Doc. No. 1-1, *with* Doc. No. 1-2.

---

[1] "A plaintiff's presentation of a certificate of registration from the [USCO] usually constitutes prima facie evidence of a valid copyright and of the facts stated in the certificate." *Palladium Music, Inc. v. EatSleepMusic, Inc*., 398 F.3d 1193, 1196 (10th Cir. 2005).

Accordingly, the Court concludes that the unchallenged facts set forth by Plaintiff support entry of a judgment that Defendant willfully infringed on Plaintiff's copyrights.

### C. Damages

Rule 55(b) provides two distinct methods for entering a default judgment. First, "[i]f the plaintiff's claim is for a sum certain or a sum that can be made certain by computation," the Clerk of Court "must enter judgment for that amount and costs against a defendant who has been defaulted for not appearing and who is neither a minor nor an incompetent person." Fed. R. Civ. P. 55(b)(1); *see also Venable v. Haislip*, 721 F.2d 297, 300 (10th Cir. 1983) (noting that a default judgment may be entered without a hearing when the amount claimed "is a liquidated sum" or "one capable of mathematical calculation"). In all other cases, the moving party must apply to the Court, which may "conduct hearings or make referrals" when necessary "to enter or effectuate judgment." Fed. R. Civ. P. 55(b)(2).

"A copyright owner who elects to recover an award of statutory damages, instead of actual damages and profits, may recover between $750 and $30,000 for each infringement 'as the court considers just.'" *Christ Ctr. of Divine Phil., Inc.*, 2017 WL 564110, at *3 (quoting 17 U.S.C § 504(c)(1)).[2] Plaintiff requests relief in the form of

---

[2] "In a case where the copyright owner sustains the burden of proving, and the court finds, that infringement was committed willfully, the court in its discretion may increase the award of statutory damages to a sum of not more than $150,000." 17 U.S.C. § 504(c)(2). While Plaintiff seeks the maximum allowable amount under § 504(c)(1), he has elected not to pursue the higher amount of damages reserved for cases of willful infringement under § 504(c)(2).

statutory damages of $30,000.00 for each of the four photographs infringed upon, resulting in a total award of $120,000.00. *See* Pl.'s Mot. Default J. at 15.

"[T]he Court must consider whether the facts contained in the Complaint, as well as the evidence submitted by Plaintiff in its filings, provide the Court with a sufficient basis to determine whether the requested statutory damages are just." *Christ Ctr. of Divine Phil., Inc.*, 2017 WL 564110, at *3. "The Court is accorded broad discretion in determining the amount of statutory damages to award in a copyright infringement case." *Id.* at *4. "Several considerations may guide the exercise of discretion: the blameworthiness of the infringer, such as whether the infringement continued after the receipt of notice and whether the infringer had engaged in other infringing conduct; the infringer's profit or gain, or lack thereof; the copyright owner's damage or loss, or lack thereof; and various other factors, such as the value of the copyright or the size of the infringer's operation or business." *New Atlas Dot Com, Inc. v. Pizza Inn I-40 W., Inc.*, No. CIV-11-149-D, 2013 WL 425038, at *3 (W.D. Okla. Feb. 4, 2013). "In assessing an appropriate amount of damages, the Court 'should formulate a damage award that will achieve the deterrent purposes served by the statutory damages provision.'" *Christ Ctr. of Divine Phil., Inc.*, 2017 WL 564110, at *4 (internal quotation marks omitted).

Plaintiff argues that an award of statutory damages in the amount of $120,000.00 is reasonable in light of Defendant's continuing infringement and disregard of Plaintiff's demands to cease infringing his copyrighted work. *See* Pl.'s Mot. Default J. at 14-15. The Complaint alleges and the record supports that Defendant used four of Plaintiff's photographs to promote its events without Plaintiff's permission on Defendant's Facebook

Account and via Promotional Displays provided to third party websites and that Defendant continued to store and display Plaintiff's Photographs even after Plaintiff sent Defendant a pre-suit letter demanding removal.  *See* Compl. ¶¶ 19-44, 61; Doc. No. 1-2.

Accordingly, the Court finds Plaintiff is entitled to statutory damages.  Having reviewed the evidence in the record and weighed the relevant factors, Court finds that an award of statutory damages in the amount of $5,000.00 for each copyrighted photograph, for a total of $20,000.00, "serves the dual purposes of punishing the infringer and deterring future infringement, as well as supporting the rights of Plaintiff in [his] copyrighted material and encouraging continued enforcement."  *Christ Ctr. of Divine Phil.*, 2017 WL 564110, at *4.  Further, Plaintiff's itemized request for costs in the amount of $623.05 is well supported and likewise is granted.  *See* Doc. No. 11-6, at 3; Doc. No. 11-7.

## CONCLUSION

Accordingly, Plaintiff's Motion for Default Judgment (Doc. No. 11) is GRANTED as set forth herein.  A separate Default Judgment shall be entered.

IT IS SO ORDERED this 29th day of September, 2023.

CHARLES B. GOODWIN
United States District Judge